USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/10/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

PETER DELVECCHIO, INDIVIDUALLY AND
AS REPRESENTATIVE OF A CLASS OF
SIMILARLY SITUATED PERSONS,

                Plaintiff,

-against-

METROPOLITAN TRANSPORTATION
AUTHORITY,

                Defendant.

------------------------------------------------------------ X

**ORDER GRANTING MOTION TO DISMISS**

17 Civ. 10051 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs Peter DelVecchio ("Plaintiff") filed this action on December 22, 2017 (Dkt. No. 1). Plaintiff brings claims claims both on behalf of himself and as a representative of similarly situated members of the Association of Commuter Rail Employees ("ACRE"). The dispute arises out of Metropolitan Transportation Authority ("MTA" or "Defendant") procedures for evaluating disability claims and for the maintenance of health coverage during the pendency of a disability claim. Plaintiff's complaint presents claims for breach of fiduciary duty,[1] breach of contract, and breach of covenant of good faith and fair dealing.

        Plaintiff previously sought a temporary restraining order, which was denied on December 22, 2017 by the Part 1 Judge (Dkt. No.3). Defendant moved on March 28, 2018 to

---

[1] Plaintiff's original complaint alleged a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* ERISA does not govern Plaintiff's claim because ERISA exempts governmental plans, including that of the MTA. *See* 29 U.S.C. § 1003(b)(1); *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 921 (2d Cir. 1987) (finding the MTA within the "governmental plan" exception to ERISA).

1

dismiss for lack of jurisdiction or failure to state a claim (Dkt. No. 11). After Plaintiff filed an amended complaint ("Am. Compl.") on June 11, 2018 (Dkt. No. 16), this Court denied Defendant's motion to dismiss without prejudice as moot (Dkt. No. 19).

Plaintiff seeks actual damages for losses associated with the termination of health coverage during the pendency of DelVecchio's disability application. Plaintiff also seeks injunctive relief 1) preventing Defendant from terminating insurance coverage of the plaintiff class during the pendency of their disability applications, 2) reinstating the insurance coverage of Delvecchio and class members whose coverage terminated during the pendency of their disability applications, and 3) reinstating the insurance coverage of any class members whose disability applications were denied by an allegedly deficient two-person review board until a proper procedures are followed. Finally, Plaintiff seeks class certification.

At issue here is Defendant's motion to dismiss Plaintiff's amended complaint ("Am. Compl.") (Dkt. No. 28) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction to hear the case under either the general diversity statute, 28 U.S.C. § 1332(a) or under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Specifically, Defendant asserts that Plaintiff fails to demonstrate that the class will contain the required number of plaintiffs to meet the requirements under CAFA. Defendant also argues that Plaintiff fails to satisfy the amount in controversy requirement under both CAFA and the general diversity statute. For the reasons that follow, Defendant's motion is granted.

## Background

Individual plaintiff Peter DelVecchio ("Plaintiff") is a 46-year-old former MTA conductor who has applied to the MTA for disability on April 16, 2018. Am. Compl. ¶ 10. ACRE is a union representing approximately 1,700 operating craft employees of the MTA Metro-North Railroad. Am. Compl. ¶ 21. Defendant is a public benefit corporation providing

2

public transportation in the greater New York City metropolitan region, including parts of Connecticut. Am. Compl. ¶ 25.

At the time of his complaint, plaintiff alleged that the MTA has not yet decided on his disability application. Am. Compl. ¶¶ 11, 15. At oral argument, Plaintiff's counsel represented that the medical board had finished reviewing Plaintiff's disability application and denied it. Plaintiff alleges that the delay caused his family coverage to lapse on December 31, 2015, and his individual coverage to lapse on December 31, 2016, in accordance with the employment agreement governing disability claims, known as the Defined Benefit Retirement Program for Represented Employees of the Commuter Rails ("Contract"). Am. Compl. ¶¶ 12, 14, 83. Plaintiff alleges on information and belief that the MTA and its medical board is improperly evaluating his application because the board contains only two physicians and does not contain either Plaintiff's physician or a physician selected by Plaintiff's collective bargaining representatives, as required by the Contract. Am. Compl. ¶ 16, 83.

In cursory terms, Plaintiff has pleaded that the requirements for class action are satisfied. The complaint proposes to define the class as, "[a]ll persons who submitted a disability application to the MTA at any time between December 1, 2011 and the present . . . and had their MTA-provided family or individual insurance lapse during that review process or had their disability petition denied after a review by the MTA's Medical Board containing only two physicians." Am. Compl. ¶ 61. Plaintiff believes there exist "at a minimum, tens or hundreds of Proposed Class members." Am. Compl. ¶ 63. Among the more limited set of ACRE members, the potential class membership is smaller: Defendant asserts that only 17 members meet either of the class criteria, based on a review of disability records. Def. Br. at 5–6.

Replacement family health insurance coverage costs approximately $2,000 per month, or $24,000 per year. Faherty Decl. ¶ 30 (Dkt. No. 26-1). Plaintiff arrives at his pleaded amount in controversy by multiplying the annual insurance cost by the number of years between

3

his current age and 65. Am. Compl. ¶¶ 17, 51. He bases this framing on the supposition that "[u]nder the MTA's plan, if [Plaintiff] *were . . . declared disabled*, the MTA would be obligated to continue his insurance coverage until he reaches age 65 and to provide insurance coverage for his spouse until she is 65 and for his dependent children until each one is 26 years old." Am. Compl. ¶ 17; Faherty Decl. at ¶ 28 (Dkt. No. 26-1).

## Discussion

Jurisdiction is proper under Fed. R. Civ. P. 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d. 110, 113 (2d Cir. 2000). The court may consider other factual material outside the pleadings "if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction." *Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 n.6 (2d Cir. 2001). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading. In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (internal citations removed). "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision as to standing." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d

167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) (internal quotation marks and citations removed).

CAFA Jurisdiction

CAFA provides for original jurisdiction by the district courts in civil actions where the matter in controversy is greater than $5 million and where minimal diversity exists. 28 U.S.C. 1332(d)(2). Minimal diversity is achieved when "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. 1332(d)(2)(A). Nevertheless, jurisdiction is not available to district courts where the number of members in the aggregate of all proposed plaintiff classes is less than 100. 28 U.S.C. 1332(d)(5)(B).

*Required Number of Class Members Under CAFA*

Defendant contends that Plaintiffs cannot meet this 100 member requirement based on "a review of all disability applications filed by ACRE members" during the class period. Def. Br. at 4. Defendant asserts that only four ACRE members had their health insurance lapse during the pendency of their disability application, and that only 13 members had their disability applications denied. *Id.* As a result, Defendant argues that the maximum Plaintiff class would contain 17 individuals, fewer than the 100 required. *Id.* at 5.

Plaintiff does not dispute Defendant's analysis of potential class membership within ACRE. Rather, in response to the Defendant's argument that the proposed class would only contain 17 members, Plaintiff contend that the size of the proposed class is much larger: "All persons who submitted a disability application to the MTA at any time between December 1, 2011 to the present." Opp. at 8; Am. Compl. ¶ 31. Plaintiff asserts that their proposed class is larger than membership of only ACRE, and includes other similarly situated MTA employees, who are not members of ACRE. Opp. at 9. But these assertions are inconsistent with the

complaint. Under the complaint, Plaintiff "brings claims on behalf of himself and as a representative of other similarly situated *members of the Association of Commuter Rail Employees*." Am. Compl. at 1 (emphasis added); see also Am. Compl. ¶ 1 (Complaint is "seeking to require the MTA to reinstate the insurance coverage of Plaintiff DelVecchio and the Class during the lengthy delays that have become all too common *when ACRE members submit disability claims* through the MTA); Am. Compl. ¶ 3 ("Plaintiff seeks an injunction requiring the MTA to continue or reinstate insurance coverage for Plaintiff and other ACRE members who have submitted timely disability claims"); Am. Compl. ¶¶ 5, 59-60. Plaintiff fails to rebut defendant's proofs that the class numbers fewer than 100.

Even if Plaintiff is correct that the scope of the proposed class is not only limited to Acre members but also includes all MTA employees who have filed disability claims, the wider class scope that the Plaintiff proposes is separately disqualified by another CAFA provision, the "home state exception." "A district court shall decline to exercise jurisdiction" over classes where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. 1332(d)(4). Defendants have shown, based on a review of participants in the MTA Defined Benefit Pension Plan ("MTADBPP"), that 86% of the participants reside in the State of New York, based on an assumption of an even distribution of employees, and not a concentrated location of employees applying for disability. Reply at 7; Meehan Decl. ¶¶ 4-5 (Dkt. No. 33). As a result, the home state controversy exception to CAFA jurisdiction is triggered. Again, Plaintiff fails to rebut Defendant's proofs.

*Amount in Controversy Under CAFA*

The party invoking federal jurisdiction must show "to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. *Tongkook Am. Inc. v. Shipton*

6

*Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). "The amount in controversy is determined at the time the action is commenced." *Carling v. Peters*, 10-cv-4573 (PAE), 2013 WL 865842, at *3 (S.D.N.Y. Mar. 8, 2013) (quoting *Tongkook Am. Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). "[T]he Second Circuit has recognized 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.' It is well-settled that 'the sum claimed by the plaintiff controls if the claim is apparently made in *good faith*. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Carling v. Peters*, No. 10-cv-4573 (PAE), 2013 WL 865842, at *4 (S.D.N.Y. Mar. 8, 2013). "[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* (quoting *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi.*, 93 F.3d 1064, 1070-71 (2d Cir. 1996)).

"In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975) ("[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation"). "Benefits from an injunction must not be 'too speculative' or 'immeasurable.'" *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007).

Plaintiff asserts his damages figure based on an expectation of receiving insurance coverage until he reaches age 65. Am. Compl. ¶ 17. This age range is inconsistent with the complaint, which seeks only to reinstate his insurance and maintain it until the board makes a procedurally compliant disability determination. Am. Compl ¶ 3. If Plaintiff prevails, his expectation of recovery is measured by the length of time the MTA takes to make a procedurally

7

compliant determination, time which, although slow, is not infinite. Damages measured by reaching the age of 65 are not plausible, at least not under the complaint before me.

Defendant observes that the complaint does not allege specific out-of-pocket costs associated with having to purchase family insurance. Def. Br. at 12. Plaintiff alleges only that he "has been required to pay for replacement coverage" without specifying how much or what kind. Am. Compl. ¶ 19. Defendant has calculated that even in the case that Plaintiff purchased comparable coverage for his family following its termination, the cost of such replacement coverage over approximately 30 months would be only $55,162.08. The damages threshold of CAFA is not satisfied.

Diversity Jurisdiction: Plaintiff's Individual Action

Plaintiff's conclusory allegation of damages in excess of $75,000 is not in itself sufficient to establish that the amount in controversy is met, particularly where injunctive relief is also sought. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) ("[A] boilerplate demand statement setting forth an open-ended demand for an amount . . . , without more, falls well short of the type of proof we require from defendants to establish that the [then applicable]



$50,000 amount in controversy requirement is met in an action seeking primarily injunctive relief.").

For the reasons discussed above, Plaintiff's theory of damages is inconsistent with his claims and not sufficient to demonstrate that the amount in controversy exceeds $75,000. Granting Plaintiff's relief will not declare Plaintiff disabled. Indeed, the medical board has since found that Plaintiff is not disabled. Granting Plaintiff relief will also not entitle him to healthcare until the age of 65. At most, it would entitle him to compensation for his actual costs following the termination of his insurance coverage, coverage during the post-termination review period, and to review of his disability application by a contract-compliant three-physician panel. The review timeframe is too speculative to make plausible his damage claim. Plaintiff bases his pleading of the amount in controversy solely on the theory of receiving coverage until age 65, but that time frame is not a plausible basis for the $75,000 jurisdictional threshold. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.").

## Conclusion

Plaintiffs' pleadings are insufficient to establish the required number of proposed class members under CAFA, 28 U.S.C. 1332(d)(5)(B), or alternatively, under its amount in controversy requirement. 28 U.S.C. 1332(d)(2). Individual Plaintiff DelVecchio also fails to meet the jurisdictional amount in controversy under the general diversity statute. 28 U.S.C. 1332(a). Defendant's motion to dismiss is granted. The Clerk shall terminate the motion to

dismiss (Dkt. No. 28), and grant judgment to the defendant, dismissing the complaint and taxing costs.

SO ORDERED.

Dated:  October 10, 2018
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge